**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **Chambers of**<br>**Douglas R. Miller**<br>**United States Magistrate Judge** | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>MDD_DRMChambers@mdd.uscourts.gov<br>(410) 962-7770 |

February 3, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Angela C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 24-3484-DRM

Dear Counsel:

On December 2, 2024, Plaintiff Angela C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 14, 18, 19. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") on October 3, 2018 and December 5, 2019, respectively, alleging a disability onset date of October 1, 2015 in both applications. Tr. 200-203. Plaintiff was denied initially on March 4, 2019, and upon reconsideration on August 2, 2019. Tr. 142-148. On July 22, 2020, an Administrative Law Judge ("ALJ") held a hearing. Tr. 14-34. Following the hearing, on September 25, 2020, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-34. The Appeals Council denied Plaintiff's request for review. Tr. 1-8. Plaintiff filed for judicial review and on March 1, 2022, the Court remanded the case for further administrative review in accordance with section 205(g) of the Social Security Act. On May 31, 2022, the Appeals Council vacated the final decision of the Commissioner of Social Security and remanded the case to an ALJ for further

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security on December 2, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Angela C. v. Frank Bisignano*
Civil No. 24-3484-DRM
February 3, 2026
Page 2

proceedings consistent with the Court's order. Tr. 572-576. The ALJ held another hearing on October 26, 2022, and subsequently issued a partially-favorable decision, finding that Plaintiff became disabled on August 14, 2022, but not before that date. Tr. 520-547. Plaintiff filed for judicial review of the unfavorable portion of this decision on October 6, 2023, and the Court remanded the case for further administrative review. 1342-1348. This time, on November 1, 2023, the Appeals Council vacated the unfavorable portion of the final decision and remanded this case to the ALJ. Tr. 1349-1353. Pursuant to this Court's remand order, the Appeals Council directed the ALJ to hold further proceedings regarding only the period between August 30, 2017, the amended alleged onset date, and August 14, 2022, the date the claimant was found to be disabled in the partially-favorable previous decision. Tr. 1286. The Court specifically instructed the ALJ to evaluate the opinion evidence related to Plaintiff's residual lifting capabilities, in accordance with the applicable regulations. Tr. 1286.

For the final time, on July 25, 2024, the ALJ held a hearing. Tr. 1309-1341. On September 27, 2024, the ALJ denied Plaintiff's claims for DIB and SSI for the period at issue. Tr. 1283-1308. Plaintiff filed this third action for judicial review. The Appeals Council denied Plaintiff's request for review, Tr. 1-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 30, 2017, the amended alleged onset date. Tr. 1289. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine, dysfunction of the right leg/foot status-post reconstructive surgery, osteoarthritis, hypertension, and asthma." Tr. 1289. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 1289. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps or stairs and is never able to climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, or crouch, but can never crawl.

*Angela C. v. Frank Bisignano*
Civil No. 24-3484-DRM
February 3, 2026
Page 3

> She must avoid work at unprotected heights or around dangerous moving machinery (i.e. Forklifts). She is limited to frequent use of either upper extremity for fine fingering or grasping/handling of small objects. She is limited to occasional use of the right lower extremity for pushing/pulling or operation of foot controls. She must avoid concentrated exposure to extreme damp/wet conditions, vibrations, and fumes, odors, dusts, gases, or other pulmonary irritants.

Tr. 1291. The ALJ determined that Plaintiff had no past relevant work but could perform jobs that existed in significant numbers in the national economy such as price marker, office helper, and mail clerk. Tr. 1298. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 1299.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.   ANALYSIS

On appeal, Plaintiff argues that the ALJ's decision denying her claims is not supported by substantial evidence and that the ALJ employed improper legal standards. Plaintiff's main argument is that the ALJ erred at step two by failing to evaluate her anxiety under the "special-technique" regulation, which requires the ALJ to determine whether a mental impairment is medically determinable, rate the four functional areas, and document that analysis. ECF No. 14 at 8. Plaintiff contends she repeatedly alleged anxiety, received diagnoses from treating providers, was prescribed alprazolam and clonazepam, and exhibited symptoms documented in medical screenings and treatment notes. *Id.* at 9. Plaintiff argues that once a colorable mental impairment is identified, the ALJ is required to apply the special technique, and failure to do so warrants remand because it undermines both the RFC assessment and the step-five finding. *Id.* at 10.

In response, the Commissioner contends that the ALJ acted reasonably in not identifying Plaintiff's anxiety as a severe medically-determinable impairment. ECF No. 18 at 7. According to the Commissioner, Plaintiff's mental-status examinations were largely normal, there was no objective evidence of functional limitations, and her symptoms were sporadic and improved with minimal medication. *Id.* at 8. The Commissioner asserts that, even assuming error at step two, it is harmless because the ALJ found other severe impairments, continued through the sequential

evaluation, and considered all impairments—severe and non-severe—in formulating the RFC. *Id.* at 10. The Commissioner argues that substantial evidence supports the ALJ's finding that Plaintiff retained the capacity for light work with certain limitations and that the vocational expert identified jobs existing in significant numbers. *Id.* Plaintiff replies that once the record reflected repeated anxiety diagnoses, symptoms, and prescribed medication, the ALJ was obligated to document findings in the four functional areas, per the special-technique regulation. ECF No. 19 at 2. She asserts that this omission is reversible error that cannot be excused as harmless because it prevents meaningful judicial review. *Id.* Plaintiff further contends that the Commissioner's arguments are improper *post hoc* rationalizations and that the ALJ's decision must be reversed or remanded. *Id.*

When an ALJ evaluates the severity of a claimant's mental impairment, they "must follow a special technique." 20 C.F.R. § 404.1520a; *Sandra C. v. Kijakazi*, No. TJS-20-3065, 2021 WL 5937069, at *2 (D. Md. Nov. 23, 2021) (citing *Patterson v. Comm'r of Soc. Sec. Admin*, 846 F.3d 656, 661 (4th Cir. 2017) ("The special-technique regulation's plain language describes what the SSA *must* do.")).

> Under the special-technique regulation, if the ALJ determines that a mental impairment exists, he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." [20 C.F.R.] § 404.1520a(b)(1). The ALJ must also document "a specific finding as to the degree of limitation in each of" the four areas of functional limitation listed in § 404.1520a(c)(3). *Id.* § 404.1520a(e)(4). In the first three areas of functional limitations—(a) activities of daily living, (b) social functioning, and (c) concentration, persistence, or pace—the ALJ must rate the degree of limitation using "the following five-point scale: None, mild, moderate, marked, and extreme." *Id.* § 404.1520a(c)(4). The ALJ must rate the fourth functional area—(d) episodes of decompensation—using "the following four-point scale: None, one or two, three, four or more." *Id.* Next, the ALJ must determine if the mental impairment is severe, and if so, whether it qualifies as a listed impairment. *Id.* § 404.1520a(d). If the mental impairment is severe but is not a listed impairment, the ALJ must assess the claimant's RFC in light of how the impairment constrains the claimant's work abilities. *See id.* § 404.1520a(d)(3). The regulation specifically provides that the ALJ must document all of the special technique's steps. *Id.* § 404.1520a(e)(4).

*Patterson*, 846 F.3d at 659.

Importantly, "the special-technique regulation affects how an ALJ evaluates and documents his process at steps 1 through 4 *if the claimant alleges a mental impairment*." *Id.* (emphasis added); *accord*, *Grant D. v. Saul*, No. DLB-19-3102, 2021 WL 1222946, at *3 (D. Md. Mar. 31, 2021). In this case, Plaintiff did not allege she had any mental impairments that would trigger the special-technique analysis.

The March 4, 2019, Initial Disability Determination Explanation for the claim currently at issue, Tr. 108-116, lists the following alleged "illnesses, injuries, or conditions": "spinal fusion

*Angela C. v. Frank Bisignano*
Civil No. 24-3484-DRM
February 3, 2026
Page 5

need (lumbar)," "lumbar spine damage," and "two plates and 8 screws from hip to foot." Tr. 109.[3] Plaintiff submitted several Disability Reports in support of her applications for DIB and SSI, none of which listed anxiety as a mental impairment. *See* Tr. 222 (Plaintiff's October 18, 2018 Disability Report) (in response to "list all of the physical or mental conditions (including emotional or learning problems) that limit your ability to work," stating: "spinal fusion need (lumbar)," "lumbar spine damage," and "two plates and 8 screws from hip to foot"); Tr. 241 (Plaintiff's April 5, 2019 Disability Report) (in response to "[s]ince you last told us about your medical conditions, do you have any NEW physical or mental conditions" stating "no")[4]; Tr. 261 (Plaintiff's August 19, 2019 Disability Report) (same); Tr. 761 (Plaintiff's March 5, 2021 Disability Report) (listing "Spinal Fusion L3 and L5," "Lumbar Degenerate Disc," "Hip Surgery and Foot Surgery," "Asthma," and "Fractured Hand"); Tr. 790 (Plaintiff's August 11, 2021 Disability Report) (responding "yes . . . [f]ractured right hand, tennis elbow left arm" to new conditions question); Tr. 806 (Plaintiff's August 12, 2022 Disability Report) (responding "no" to new conditions question).

The statement of Plaintiff's attorney representative during the July 25, 2024, administrative hearing confirms that Plaintiff's claim of disability arises from physical impairments:

> ALJ: …From an impairment standpoint, there are a number of different issues that are referenced either in the claim or in the records. Those include issues with skeletal spine primarily lumbar degenerative disc disease. Issues with the right leg and foot. I know there's a reconstructive surgery there as well. Osteoarthritis, hypertension, osteoporosis was mentioned. A recurrent fracture of it looks like one of the toes. Some joint arthritis, asthma, restless leg syndrome, hand fracture and lateral and tendonitis have all been mentioned at various times. Anything I may have overlooked, counsel?
>
> [Attorney]: Your Honor, I just went over the record, that is a very good accurate list. This is the list I have. So, I have nothing to add to it.

Tr. 1315-16. Plaintiff's attorney gave a closing argument during the July 25, 2024 hearing, and did not mention anxiety or any other mental impairment. Tr. 1338-39.

---

[3] A July 10, 2018, Disability Determination Explanation for a previous claim (filed January 30, 2018) lists anxiety as one of six alleged impairments. Tr. 95-107. The Disability Examiner explained that Plaintiff had no treatment history for a mental impairment and no recommendation for mental health treatment from a medical source, and that a review of Plaintiff's activities of daily living revealed no work-related functional limitations attributable to a possible mental impairment. Tr. 101. The Examiner concluded that "further development on the issue is not necessary." *Id.* (citing Program Operations Manual System (POMS) DI 24505.030.)

[4] In the "Medical Treatment" section of Plaintiff's April 5, 2019, Disability Report, she lists "Lipoma of back and back pain; Blood pressure, anxiety" as conditions for which she received treatment from a specific provider, but did not add any of these to the list of conditions limiting her ability to work.

The only mention of anxiety at the hearing occurred when the ALJ asked Plaintiff, "Now, what types of pain medication are you taking currently? Is it over the counter medication or are you still on prescription medication that you're on?" Plaintiff responded by naming two pain medications, then went on to state:

> Gabapentin for the restless legs. I'm supposed to 100 milligrams nightly. I do not take it. I cannot tolerate it. It makes me too groggy the next day. Flexeril-benzo 10 milligrams needed for restless legs. I don't take that. I don't like it either. It makes me entirely too tired. *Hydroxyzine which is for anxiety as needed. Again, that is another like feeling that just makes me way too tired. I can't function properly with that because it makes me want to sleep.* I forgot the other thing I take. I'm currently, I just received a heart medication that I take, I don't have that written down. I forget the name if it.

Tr. 1322 (emphasis added). But at no time during the hearing did Plaintiff or her attorney allege that anxiety (or any other mental impairment) led to any degree of functional limitation.

Because "[t]he special-technique regulation affects how an ALJ evaluates and documents his process at steps [one] through [four] *if the claimant alleges* a mental impairment," *Grant D.*, 2021 WL 1222946, at *3 (quoting *Patterson*, 846 F.3d at 659 (emphasis added)), the ALJ did not err in his application of the special technique. *See Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (holding that an ALJ did not err in failing to assess the plaintiff's mental impairment where the plaintiff "did not list any mental impairment or intellectual functioning issues in his application for SSI benefits, nor did he testify at his hearing that he suffered from any intellectual or mental impairments that would prevent him from working"); *Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011) (noting that "[s]ome of the factors an ALJ may consider when determining a claimant's mental impairments are (1) the claimant's failure to allege mental impairments in his complaint, (2) failure to seek mental treatment, (3) the claimant's own statements, and (4) lack of medical evidence indicating mental impairment" and finding that ALJ's determination of no debilitating mental impairment was supported by substantial evidence where claimant had not reported to his provider "any history of mental or emotional problems that interfere with his working" or "any signs of depression or severe mental impairment."); *Rodriguez v. Sec. of Health & Human Servs.*, 46 F.3d 1114 (table), 1995 WL 45781, at *4, n.14 (1st Cir. 1995) (per curiam) ("20 C.F.R. § 404.1520a(b)(2) provides that the SSA must indicate whether certain medical findings relevant to the ability to work are present or absent only '[i]f we [i.e., the SSA] determine that a mental impairment exists.' If there is insufficient evidence that a mental impairment exists, there will be presumably . . . no medical findings which would allow the SSA to complete the standard [document].")[5]

---

[5] An earlier version of the special-technique regulation required the ALJ to complete a standard document which the current regulation no longer requires. *See* Federal Old-Age, Survivors, and Disability Insurance; Listing of Impairments—Mental Disorders, 50 Fed. Reg. 35038-01, 35065 (Aug. 28, 1985).

*Angela C. v. Frank Bisignano*
Civil No. 24-3484-DRM
February 3, 2026
Page 7

Plaintiff contends that the ALJ was "on notice" of Plaintiff's anxiety because of various references in the record and was therefore obligated to undertake the special technique, ECF No. 14 at 9-10, and points to *Davis v. Astrue*, No. 5:10CV72, 2011 WL 3236196 (N.D. W. Va. July 28, 2011). The instant case is distinguishable from *Davis*. First, the court in *Davis* observed that, "[s]ignificantly, the plaintiff . . . was represented by a non-attorney representative." *Id.* at *5. In this instant case, Plaintiff was represented by an attorney. Thus, unlike in *Davis*, the ALJ had no "heightened duty to develop the record . . . when the claimant is represented by a non[-]attorney representative." *Id.*

Second, the ALJ in *Davis* "fail[ed] to consider the numerous indications of the plaintiff's depression" in the record. *Id.* at *5. Here, however, while Plaintiff was prescribed anti-anxiety medication by her primary care provider based on reported anxiety, a history of such treatment does not, by itself, satisfy the standard for a medically determinable impairment. The SSA has established regulations setting forth the procedure for evaluating physical and mental impairments. *See* 20 C.F.R. § 404.1520. The SSA evaluates the claimant's "pertinent symptoms, signs, and laboratory findings to determine whether [the claimant] ha[s] a medically determinable mental impairment(s)." *Id.* § 404.1520a(b)(1) (cross-referencing 20 C.F.R. § 404.1521). Medically determinable impairments "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques [and] must be established by objective medical evidence from an acceptable source." *Id.* § 404.1521. A claimant's "statement of symptoms, a diagnosis, or a medical opinion" will not be used to establish a medically determinable impairment. *Id.* If a plaintiff has not alleged a mental impairment, as Plaintiff has not done here, the ALJ's duty to implement the special-technique regulation would not be triggered. *Grant D.*, 2021 WL 1222946, at *2 (discussing *Charlene S. v. Cmm'r, Soc. Sec. Admin.*, No. ADC-19-2185, 2020 WL 3488911, at *4 (D. Md. June 26, 2020)).

The Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Grant D.*, 2021 WL 1222946, at *5. This is a narrow form of review that asks only whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The question is not whether the Court would have reached the same result, but whether the ALJ's decision is supported by "more than a mere scintilla" of evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). On this record, the ALJ reasonably concluded that Plaintiff did not have a mental impairment established through medically acceptable evidence, the ALJ applied the proper standard, and substantial evidence supports the decision.

V.   **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Angela C. v. Frank Bisignano*
Civil No. 24-3484-DRM
February 3, 2026
Page 8

                      Sincerely,

                          /s/

                      Douglas R. Miller
                      United States Magistrate Judge